Case 1:23-cr-00199-ADA   Document 5 *SEALED* (Court only)   Filed 05/22/24   Page 1 of 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**ISSUED** 

USA,

v.

JOHN ALLEN CRAMER,

Case No: 1:23-CR-00199-ADA

## WARRANT FOR ARREST

USMS FRESNO RCVD

**TO: THE UNITED STATES MARSHAL**
and any Authorized United States Officer

MAY 22 2024

**YOU ARE HEREBY COMMANDED TO ARREST:** John Allen Cramer

and bring him or her forthwith to the nearest United States magistrate judge to answer a(n)

**Supervised Release Violation Petition**

charging him or her with *(brief description of offense)*

**Violation of Supervised Release**

in violation of Title **18** United States Code, Section(s) **3143**

| S. Sant Agata | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| *[signature]* | 5/22/24    Fresno, CA |
| Signature of Issuing Officer | Date and Location |

Bail fixed at **NO BAIL**    by   District Judge Jennifer L. Thurston

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant  John Cramer

| 7/4/24 | Thomas Arnold - Detective Plymouth, NH PD |
| Date Received | Name and Title of Arresting Officer |
| 7/4/24 | *[signature]* |
| Date of Arrest | Signature of Arresting Officer |

# SEALED
# UNITED STATES DISTRICT COURT
### Eastern District of California

## Petition For Warrant or Summons For Person Under Supervision

**Name of Person Under Supervision:** John Allen Cramer     **Docket Number:** 0972 1:23CR00199-001

**Name of Judicial Officer:** United States District Judge Jennifer L. Thurston

**Date of Original Sentence:** 2/28/2023

**Original Offense:** Count 3: 18 U.S.C. § 1029(a)(3) – Possession of Fifteen or More Unauthorized Access Devices (Class C Felony); Count 4: 18 U.S.C. § 1028(a)(1) – Aggravated Identity Theft (Class E Felony)

**Original Sentence:** 18 months custody of the Bureau of Prisons; 36 months term of Supervised Release; Mandatory Drug Testing; DNA Collection; $200 Special Assessment

**Special Conditions:** 1) Outpatient Substance Abuse Counseling; 2) Substance Abuse Testing; 3) Abstain from Alcohol; 4) Residential Substance Abuse Treatment Program; 5) Aftercare Copayment; 6) Not to Possess Others Identifying Information; 7) Warrantless Search

**Type of Supervision:** TSR

**Date Supervision Commenced:** 9/13/2023

**Other Court Actions:**

| | |
|---|---|
| 10/18/2023: | Jurisdiction transferred from the Central District of California (2:21CR00120-JFW-1) to the Eastern District of California. |
| 04/09/2024: | Report of Person Under Supervision. Mr. Cramer admitted to using methamphetamine and was subsequently placed in drug treatment. The probation officer recommended no adverse action be taken and the Court agreed. |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: KEITH HOLLAND
Clerk, U.S. District Court
Eastern District of California

Deputy Clerk
Dated: May 22, 2024

PROB 12C
(Rev. 06/21)

RE: John Allen Cramer

Docket Number: 0972 1:23CR00199-001

## PETITIONING THE COURT

☒ TO ISSUE A NO BAIL WARRANT. THIS PETITION IS TO BE SEALED UNTIL FURTHER ORDER OF THE COURT.

**Charge Number**  **Nature of Violation**

**Charge 1:**   **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On May 21, 2024, Mr. Cramer failed to report to a confirmed appointment with his probation officer. This is a violation of Standard Condition Number 3, *The defendant must report to the probation office as instructed by the court or probation officer.*

**Charge 2:**   **FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

On May 17, 2024, the probation officer attempted a home contact and was informed by Mr. Cramer's landlord that he vacated the premises on May 7, 2024. This is violation of Standard Condition Number 6, which reads in part, *"The defendant must reside at a location approved by the probation officer."*

**Justification:** Mr. Cramer was in the process of relocation and transfer of jurisdiction to the District of New Hampshire. Shortly after arriving in New Hampshire on March 29, 2024, he admitted to using methamphetamine and was referred to treatment. On May 17, 2024, it was discovered Mr. Cramer moved without permission. On May 21, 2024, he failed to report for a confirmed meeting with his New Hampshire probation officer. As of the date of this report, Mr. Cramer's whereabouts are unknown.

**Detention:** Mr. Cramer continues to demonstrate a disregard for his conditions of release, and whereabouts are currently unknown. Therefore, it is recommended a no bail warrant be issued and that he be brought before the Court for revocation proceedings. Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedures, the defendant has the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

RE: John Allen Cramer       Docket Number: 0972 1:23CR00199-001

I declare under penalty of perjury that the following is true and correct.

**EXECUTED ON:** May 22, 2024
Bakersfield, California

Respectfully submitted,

*[signature]*

Adam Tunison
Supervising United States Probation Officer
Telephone: (559) 734-0317

**DATED:** 5/22/2024

Reviewed by,

*[signature]*

Shannon Morehouse
Supervising United States Probation Officer

RE: John Allen Cramer

Docket Number: 0972 1:23CR00199-001

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant. This Petition is sealed until further order of the court.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

IT IS SO ORDERED.

Dated: __May 22, 2024__

*[signature]*
UNITED STATES DISTRICT JUDGE

CC:

United States Probation

United States Marshal Service

PROB 12C
(Rev. 06/21)

RE: **John Allen Cramer**         Docket Number: 0972 1:23CR00199-001

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Jennifer L. Thurston
United States District Judge
Fresno, California

             RE:    Cramer, John Allen
                     Docket Number: 0972 1:23CR00199

Your Honor:

In addition to a copy of the Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order, the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**    **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

     a. Evidence:

         i. None.

     b. Witnesses:

         i. United States Probation Officer Matthew Farwell.

**Charge 2:**    **FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

     a. Evidence:

         i. None.

     b. Witnesses:

         i. United States Probation Officer Matthew Farwell.

PROB 12C
(Rev. 06/21)

RE: John Allen Cramer

Docket Number: 0972 1:23CR00199-001

Respectfully submitted,

*[signature]*

**Adam Tunison**
Supervising United States Probation Officer
Telephone: (559) 7340317

DATED: 5/22/2024
Bakersfield, California

Reviewed by,

*[signature]*

**Shannon L. Morehouse**
Supervising United States Probation Officer

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person Under Supervision:** John Allen Cramer          **Docket Number:** 0972 1:23CR00199

**Date of Original Offense:** March 2020

Original term of supervised release imposed: 3 years

Highest grade of violation alleged: C

Criminal History Category of person under supervision: VI

Original guideline range: 24 to 30 months.

Chapter 7 range of imprisonment: 8 to 14 months.

Maximum term on revocation - 18 U.S.C. § 3583(e)(3)

☒     Class C and/or D felony - 2 years

Violation requires mandatory revocation: YES: ☐   NO: ☒

**Original offense committed on or after 04/30/2003:** Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 U.S.C. § 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:** Title 18 U.S.C. § 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 U.S.C. § 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.